Hand-Delivered

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

FILED
CHARLOTTE, NC

SEP 29 2025

US DISTRICT COURT
WESTERN DISTRICT OF NC

DENAUD MANSCEL EGANA,

Plaintiff,

v.

UNITED STATES DEPARTMENT OF THE TREASURY,

Defendant.

**CIVIL ACTION NO.: 3:25-CV-743

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF
(5 U.S.C. § 552)

1.

Plaintiff, Denaud Manscel Egana ("Plaintiff"), by and through his own representation, complains against the United States Department of the Treasury ("Defendant" or "Treasury"), and alleges as follows:

### NATURE OF THE ACTION

2.

This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel the disclosure of agency records wrongfully withheld by the Defendant. Plaintiff seeks records concerning Treasury securities that are held in a fiduciary, custodial, or nominee capacity for his benefit, which would not appear in a search solely under his personal name and Social Security Number.

### JURISDICTION AND VENUE

3.

This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

4.

Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391€(1), because Plaintiff resides herein and the events giving rise to this claim occurred in this district.

PARTIES

5.

Plaintiff Denaud Manscel Egana is a natural person and citizen of the United States residing at 825 Cates Street, Apt. K, Charlotte, NC 28202.

6.

Defendant United States Department of the Treasury is an agency of the United States government within the meaning of 5 U.S.C. § 551(1) and § 552(f)(1), and is responsible for maintaining the records at issue.

STATUTORY BACKGROUND

7.

FOIA requires federal agencies to disclose records upon request, unless the information is exempted under clearly delineated statutory exemptions. 5 U.S.C. § 552(a)(3)(A).

8.

An agency must conduct a search for responsive records that is "reasonably calculated to uncover all relevant documents." Weisberg v. U.S. Dep't of Justice,

705 F.2d 1344, 1351 (D.C. Cir. 1983).

9.

An agency's failure to comply with FOIA's statutory time limits constitutes a constructive exhaustion of administrative remedies, permitting the requester to seek immediate judicial review. 5 U.S.C. § 552(a)(6)(C)(i).

FACTUAL ALLEGATIONS

10.

The FOIA Request:

On or about February 27, 2025, Plaintiff submitted a detailed FOIA request to the Bureau of the Fiscal Service, a component of the Treasury Department.

11.

The request specifically sought:

a. All records of Treasury securities, trust, or fiduciary accounts (including brokerage or bank custodial accounts) held for the benefit of DENAUD MANSCEL EGANA, SSN 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.

12.

b. The CUSIP numbers identifying such securities.

13.

c. All records related to securities purchased pursuant to 31 C.F.R. § 315.5 (governing registration for minors or incompetents) wherein DENAUD MANSCEL EGANA, SSN 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 is the minor or incompetent therein listed.

14.

d. All guardianship, conservatorship, and/or "Nominee" registration records

pursuant to 31 C.F.R. § 306.115 for accounts held for the benefit of DENAUD MANSCEL EGANA, SSN 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.

15.

Plaintiff's request explicitly stated that the responsive records are not registered under his name and SSN directly, but rather under a "Nominee" name, a Trust Employer Identification Number (EIN), or a fiduciary account name. A true and correct copy of the request is attached as Exhibit A.

16.

The Agency's Inadequate Search and Improper Denial

17.

By letter dated March 18, 2025, the Bureau of the Fiscal Service denied Plaintiff's request. The denial stated: "A search of our records with the information you provided did not disclose any securities to which you are named on or entitled to. In addition, there are no open Treasury Direct accounts in your name or your Social Security Number." A true and correct copy of this denial is attached as Exhibit B.

18.

This response demonstrates a fundamental failure to conduct a search reasonably calculated to find the requested records. The agency searched only for accounts registered to Plaintiff's personal name and SSN, which is directly contrary to the explicit guidance in the request that records may be held in a nominee or fiduciary capacity.

19.

The agency's search was, by its own admission, legally inadequate as it did not search for records using the parameters Plaintiff provided (i.e., by nominee, trust EIN, or fiduciary account records linked to his SSN and especially records of securities that were purchased pursuant to 31 C.F.R. § 315.5 wherein DENAUD MANSCEL EGANA, SSN 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 is the minor or incompetent listed therein.

### Administrative Appeal

20.

On April 8, 2025, Plaintiff filed a timely administrative appeal. He reiterated that the initial search was flawed because it did not look for records held in nominee or fiduciary capacities, which was the core of his request. A true and correct copy of the appeal is attached as Exhibit C.

21.

By letter dated June 4, 2025, the Treasury Department denied Plaintiff's appeal, thereby finalizing the agency's decision to withhold the records. A true and correct copy of this final denial is attached as Exhibit D.

22.

Plaintiff has thus exhausted his administrative remedies as required by 5 U.S.C. § 552(a)(6)(C)(i).

### CLAIMS FOR RELIEF

#### COUNT I
#### Violation of FOIA – Failure to Conduct an Adequate Search
#### (5 U.S.C. § 552(a)(3))

23.

Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 23.

24.

Defendant, an agency under FOIA, received a proper request from Plaintiff for identifiable records.

Defendant was required by law to conduct a search for the requested records that was reasonably calculated to uncover all responsive documents.

25.

Defendant failed to conduct such an adequate search. Its search was unreasonably narrow and ignored the specific instructions and nature of the request, limiting itself only to direct registrations and failing to search the systems where nominee, fiduciary, and custodial records are maintained and failed to search for records of securities that were purchased pursuant to 31 C.F.R. § 315.5 wherein DENAUD MANSCEL EGANA, SSN 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 is the minor or incompetent listed therein.

26.

As a result of this failure, Defendant has wrongfully withheld agency records from Plaintiff.

COUNT II

Violation of FOIA – Failure to Provide Responsive Records

(5 U.S.C. § 552(a)(3))

27.

Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 27.

28.

Defendant possesses records responsive to Plaintiff's FOIA request, which are not subject to a statutory exemption.

29.

Defendant has refused to disclose these non-exempt records to Plaintiff.

30.

Defendant's continued withholding of these records violates FOIA.

PRAYER FOR RELIEF

31.

WHEREFORE, Plaintiff Denaud Manscel Egana respectfully requests that this Court:

32.

Declare that Defendant has violated FOIA by failing to conduct an adequate search for records responsive to Plaintiff's request;

33.

Declare that Defendant has violated FOIA by unlawfully withholding non-exempt records responsive to Plaintiff's request;

34.

Order Defendant to immediately conduct a new, adequate search for records responsive to Plaintiff's February 27, 2025, FOIA request, including a search of records held in nominee, fiduciary, and custodial capacities that are linked to Plaintiff's Social Security Number; and also, records of securities that were purchased pursuant to 31 C.F.R. § 315.5 wherein DENAUD MANSCEL EGANA, SSN 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 is the minor or incompetent listed therein.

Order Defendant to produce, within 20 days of this Court's Order, all non-exempt records located as a result of this new search;

35.

Award Plaintiff his reasonable litigation costs and attorneys' fees incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)€; and

36.

Grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 25 day of September 2025.

*[signature]*

Denaud Manscel Egana
825 Cates Street, Apt. K
Charlotte, NC 28202
(Pro Se Plaintiff)