IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:25-CV-00743-KDB-DCK

| DENAUD MANSCEL EGANA, | |
|---|---|
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| UNITED STATES DEPARTMENT OF THE TREASURY, | |
| Defendant. | |

**THIS MATTER** is before the Court on Plaintiff's Motion to Proceed In Forma Pauperis ("IFP") (Doc. No. 2). The Court has carefully considered this motion and Plaintiff's sworn Application, which details his financial circumstances. Based on that examination, the Court finds that Plaintiff's reasonable expected expenses approximately equal his expected income, and he does not otherwise have sufficient assets with which to pay the filing fee. Accordingly, the Court will GRANT the Motion for the limited purpose of conducting an initial review but DISMISS Plaintiff's Complaint without prejudice after conducting that review.

**I.   Plaintiff's Motion to Proceed IFP**

"The federal in forma pauperis statute, enacted in 1892 and presently codified as 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342–43 (1948)). To achieve its goal, the IFP statute "allows a litigant to commence a civil or criminal action in federal court in forma pauperis by filing in good faith an affidavit stating … that he is unable to pay the costs of a lawsuit." *Id*. In his IFP motion, Plaintiff states that

1

he lives on disability income and that he does not otherwise have assets that would allow him to pay for these proceedings. *See* Doc. No. 2. Based on these representations, the Court will conditionally grant the motion and permit Plaintiff to proceed IFP solely for the limited purposes of this initial review.

**II.     Initial Review**

Because Plaintiff is proceeding IFP, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. *Neitzke*, 490 U.S. at 327–28. Furthermore, a pro se complaint must be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the Complaint which set forth a claim that is cognizable under federal law. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

In February 2022, Plaintiff filed a Freedom of Information Act ("FOIA") request with the United States Department of the Treasury (the "Treasury"), asking for "all records, held by the U.S. Department of Treasury Bureau of Fiscal Service, in relation to, and referencing, 'DENAUD MANSCEL EGANA,' Social Security Number: 'XXX-XX-2678', in relation to, and referencing: Paper Savings Bond, Serial Number: XXXXX2678, Series: E, Denomination: $10,000, Issue Date: 04/1964, Final Maturity: 04/2004, Issue Price: $7,500.00, lnt[er]est: $83,608.00, Value: $91,108.00." Doc. No. 1-1 at 3. In response, Plaintiff received a letter from the Treasury indicating that the Fiscal Service had "no records responsive" to his request and an email from the Division of Program Support/Risk Management, explaining that it did not have any record of "securities to

which you are named on or entitled to." Doc. No. 1-2 at 2, 4. Considering these responses a denial of his request, Plaintiff administratively appealed, claiming that the Bureau of Fiscal Service didn't search under all of the parameters he specified, including "records of the securities wherein I am identified as a minor or an incompetent and is registered a Legal guardian, conservator, similar representative or a custodian." Doc. No. 1-3 at 2. In June 2025, The Treasury denied Plaintiff's appeal stating that while he "requested records pertaining to 'any securities wherein [you] are identified as a minor or an incompetent and the name of the custodian or guardian of the estate,'" it remained unchanged that the Fiscal Service had "no records responsive to [Plaintiff's] request." Doc. No. 1-4 at 2.

The Treasury further notified Plaintiff that he could seek judicial review in the United States District Court for the judicial district in which he resides. *Id.* Accordingly, Plaintiff filed the current matter, alleging that the Treasury failed to conduct a reasonable search and "wrongfully withheld agency records" from him, violating the Freedom of Information Act ("FOIA") when it failed to find any records under the parameters he requested, asserting only that the agency "possesses records responsive to [his] FOIA request." Doc. No. 1 at 6.

"In response to a FOIA request, an agency must conduct a search that is 'reasonably calculated to uncover all relevant documents.'" *Virginia-Pilot Media Companies, LLC v. Dep't of Justice*, 147 F. Supp. 3d 437, 443 (E.D. Va. 2015) (quoting *Ethyl Corp. v. U.S. E.P.A.*, 25 F.3d 1241, 1246 (4th Cir. 1994) (citation omitted). Notably, FOIA requesters are "entitled to a reasonable search for records, not a perfect one." *Am. Small Bus. League v. United States Office of Mgmt. & Budget*, 631 F. Supp. 3d 804, 814 (N.D. Cal. 2022) (quoting *Hamdan v. U.S. Dep't of Justice*, 797 F.3d 759, 772 (9th Cir. 2015). Thus, the "touchstone for federal court review of agency FOIA compliance is the reasonableness of the agency's search." *Allnutt v. U.S. Dep't of Justice*,

3

99 F. Supp. 2d 673, 676 (D. Md. 2000), *aff'd sub nom. Allnut v. Handler*, 8 F. App'x. 225 (4th Cir. 2001) (citing *Ethyl Corp.,* 25 F.3d at 1246).

While an agency's search must be reasonable, it "need not examine in detail every document within its control." *Id.* (citing *Jimenez v. F.B.I.*, 938 F. Supp. 21 (D.D.C. 1996). In addition, a FOIA requestor "cannot undermine the reasonableness of the agency's search by mere speculation that uncovered documents may exist." *Id.* (citing *SafeCard Services, Inc. v. S.E.C.,* 926 F.2d 1197 (D.C. Cir. 1991)). Even where a plaintiff "expresses a 'fervent belief' that there must be other documents responsive to his requests, that belief is not sufficient to create a material factual dispute." *Id.* (quoting *Spannaus v. Central Intelligence Agency,* 841 F. Supp. 14, 19 (D.D.C. 1993)).

Here, Plaintiff sought documents under FOIA. The Treasury conducted a search using at minimum Plaintiff's name and social security number, but did not locate any responsive documents. After appealing the decision, the Treasury acknowledged Plaintiff's request to expand the search to include additional parameters, but ultimately affirmed to Plaintiff that it did not have "records responsive" to his request. Without more, Plaintiff's speculative assertion that the Treasury has records it failed to provide him does not plausibly allege a failure of the Treasury to conduct a "reasonable" search under FOIA, and the claim must be dismissed.

### III. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's IFP Motion (Doc. No. 2) is **GRANTED;**
2. Plaintiff's Complaint (Doc. No. 1) is **DISMISSED** without prejudice; and
3. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: October 9, 2025

Kenneth D. Bell
United States District Judge